1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    GLENN DAVID O'NEAL,                        No.  2:14-cv-1598 GEB DAD P

12                    Plaintiff,

13          v.                                   FINDINGS AND RECOMMENDATIONS

14    BONNIE LEE,

15                    Defendant.

16

17          Plaintiff is a state prisoner proceeding pro se with an action for alleged violations of his

18    civil rights, pursuant to 42 U.S.C. § 1983. He claims that the defendant, a doctor at High Desert

19    State Prison (HDSP), rendered him inadequate medical treatment in violation of his right to be

20    free from cruel and unusual punishment under the Eighth Amendment.  Defendant Lee has filed a

21    motion to dismiss the complaint for failure to state a claim on which relief could be granted,

22    pursuant to Federal Rule of Civil Procedure 12(b)(6).

23          I.   Legal standard

24          In considering whether a complaint states a claim upon which relief can be granted, the

25    court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe

26    the complaint in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232,

27    236 (1974).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

28    See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Still, to survive dismissal for failure to state a

1    claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or

2    "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly,

3    550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of

4    action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662,

5    678 (2009).  Furthermore, a claim upon which the court can grant relief must have facial

6    plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads

7    factual content that allows the court to draw the reasonable inference that the defendant is liable

8    for the misconduct alleged."  Iqbal, 556 U.S. at 678.  Attachments to a complaint are considered

9    to be part of the complaint for purposes of a motion to dismiss for failure to state a claim.  Hal

10   Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

11          II.   Plaintiff's allegations

12          In his complaint, plaintiff alleges as follows.  Plaintiff broke his ankle on June 12, 2011.

13   (Complaint (ECF No. 1) at 4.)  In 2012, while plaintiff was housed at California Correctional

14   Facility (CCI), a non-party physician recommended "bone stimulation treatment and tibiotalar

15   effusion to correct the malunion of my tibiotalar joint."  (Id.)  A Doctor Tate at CCI originally

16   agreed with that recommendation, but after plaintiff filed an inmate grievance complaining of the

17   medical care he was being provided, Tate retaliated against him by discontinuing all treatment.[1]

18   (Id.)  When plaintiff arrived at HDSP in August 2012, he "was in debilitating pain daily that

19   significantly affected my daily activities as simple as walking.  Dr. Andrew Pomazal requested

20   that I receive physical therapy, but [defendant] Dr. Bonnie Lee denied the request, which also

21   included crutches or a cane, x-rays, treatment, or any pain relief and rehabilitation."  (Id.)  In his

22   complaint, plaintiff makes no other specific allegations against defendant Lee.

23          III.   Analysis

24          The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment

25   prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v.

26   _____

27   [1]  Plaintiff's allegation that Dr. Tate retaliated against him for filing an inmate grievance was the
     basis of a claim plaintiff presented in a prior lawsuit he filed in this court, O'Neal v. Solis, et al.,
     Civil Action No. 1:12-cv-1299-RBB.  Plaintiff has not named Dr. Tate as a defendant in this

28   action.

1    Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  In order to

2    prevail on a claim of cruel and unusual punishment, a prisoner must allege and prove (1) an

3    objective element, that he suffered a sufficiently serious deprivation and (2) a subjective element,

4    that prison officials acted with deliberate indifference in allowing or causing the deprivation to

5    occur.  Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).  An Eighth Amendment medical claim

6    therefore has two elements:  "the seriousness of the prisoner's medical need and the nature of the

7    defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991),

8    overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en

9    banc).  The prisoner must allege and prove "acts or omissions sufficiently harmful to evidence

10   deliberate indifference to serious medical needs."  Estelle, 429 U.S. at 106.

11          A medical need is serious "if the failure to treat the prisoner's condition could result in

12   further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin, 974

13   F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical need include

14   "the presence of a medical condition that significantly affects an individual's daily activities."  Id.

15   at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the

16   objective requirement for proving an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S.

17   825, 834 (1994).

18          If a prisoner establishes the existence of a serious medical need, he must then show that

19   prison officials responded to the serious medical need with deliberate indifference.  Farmer, 511

20   U.S. at 834.  In general, deliberate indifference exists when prison officials deny, delay, or

21   intentionally interfere with medical treatment; a prisoner may also show it in the way in which

22   prison officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th

23   Cir. 1988).  However, "the indifference to [a plaintiff's] medical needs must be substantial.  Mere

24   'indifference,' 'negligence,' or 'medical malpractice' will not support [h]is cause of action."

25   Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at

26   105-06).  See also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere

27   negligence in diagnosing or treating a medical condition, without more, does not violate a

28   prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same).  Deliberate

1    indifference is "a state of mind more blameworthy than negligence" and "requires 'more than

2    ordinary lack of due care for the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835 (quoting

3    Whitley, 475 U.S. at 319).

4        In moving to dismiss plaintiff's complaint defendant Lee contends only that plaintiff has

5    not alleged that defendant Lee acted with the requisite state of mind.  The motion does not contest

6    that plaintiff suffered from a serious medical condition.  Rather, the defendant argues that "the

7    factual allegations, at most, show a difference of medical opinion between Dr. Pomazal and Dr.

8    Lee. . . .  [Plaintiff] fails to allege that Dr. Lee's decision to deny the physical therapy was

9    medically unacceptable under the circumstances and that Dr. Lee chose to deny physical therapy

10   in conscious disregard of an excessive risk to [plaintiff's] health."  (Motion (ECF No. 11) at 4.)

11   Indeed, as a general matter, mere differences of opinion between a prisoner and prison medical

12   staff or between medical professionals as to the proper course of treatment for a prisoner's

13   medical condition a cognizable civil rights claim.  Toguchi, 391 F.3d at 1058; Jackson v.

14   McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989);

15   Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

16       Here, however, the factual allegations of the complaint support the reasonable inference,

17   which the court is required to draw, that plaintiff bases his claim on more than a mere difference

18   of opinion between doctors. The plaintiff has alleged an objectively serious injury (a broken and

19   still untreated ankle) that put him in "debilitating pain daily" and that the defendant denied him

20   any "treatment or any pain relief" in response to that condition.  (Complaint at 4) (emphasis

21   added).)  That allegation does not necessarily depend on a doctor's opinion:  it just as plausibly

22   avers that the defendant knew the plaintiff was suffering an objectively serious medical condition

23   and simply ignored him.  If true, that allegation suffices to state a claim under the Eighth

24   Amendment.  See Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006) (stating that "prison

25   administrators . . . are liable for deliberate indifference when they knowingly fail to respond to an

26   inmate's requests for help"); Hathaway v. Coughlin, 37 F.3d 63, 68 (2nd Cir. 1994) (concluding

27   that "[a] jury could infer deliberate indifference from the fact that [the defendant physician] knew

28   /////

4

1  the extent of [the inmate's] pain . . . and declined to do anything more to attempt to improve [the

2  inmate's] situation").

3        Plaintiff does not allege that Dr. Lee had a difference of opinion with Dr. Pomazal, who

4  allegedly "requested" that the plaintiff receive physical therapy.  Rather, plaintiff simply alleges

5  that in August 2012 when he was in "debilitating pain daily" Dr. Lee denied a request for

6  physical therapy, crutches or a cane, x-rays, treatment, or any pain relief.  In the absence of any

7  statement in the complaint that Dr. Lee made her decision on the basis of her own medical

8  judgment, the court cannot presume that she did so. Giving the allegations of the complaint the

9  liberal construction due all pro se plaintiffs, the undersigned finds a reasonable inference that

10  plaintiff is alleging that Dr. Lee gave his plea for pain relief no professional consideration and

11  simply denied him any treatment, medication, therapy or equipment outright.

12        Certainly, defendant may well present evidence establishing otherwise later, but at the

13  pleading stage, the court cannot dismiss an action on a presumed difference in medical opinions

14  for which there is no conclusive support in the complaint.  "Ultimately, defense counsel may well

15  establish that this case is simply one about a mere difference of opinion between physicians as to

16  the proper course of treatment.  On the other hand, plaintiff may be able to establish that this is

17  instead a case in which [the defendant doctor] deliberately ignored [an examining doctor's]

18  recommendations with respect to treatment and pain management." Steinocher v. Smith, No.

19  2:12-cv-0467 DAD P, 2015 WL 1238549 at *3 (E.D. Cal. March 17, 2015) (relying on Estelle,

20  429 U.S. at 104-05).  See also Jett, 439 F.3d at 1097-98 (finding a triable issue of fact as to

21  whether a prison doctor was deliberately indifferent to a prisoner's medical needs when he

22  decided not to request an orthopedic consultation as the prisoner's emergency room doctor had

23  previously ordered); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992) (finding a triable

24  issue of fact as to whether prison officials were deliberately indifferent to prisoner's serious

25  medical needs when they relied on the opinion of a prison doctor instead of the opinion of the

26  prisoner's treating physician and surgeon), abrogated in part on other grounds by Estate of Ford v.

27  Ramirez-Palmer, 301 F.3d 1043, 1045 (9th Cir. 2002); Wakefield v. Thompson, 177 F.3d 1160,

28  1165 & n. 6 (9th Cir. 1999) (holding that "a prison official acts with deliberate indifference when

he ignores the instructions of the prisoner's treating physician or surgeon").

For all of the foregoing reasons, the undersigned finds that the complaint states a claim for inadequate medical care in violation of the Eighth Amendment.

Accordingly, IT IS HEREBY RECOMMENDED that the motion to dismiss (ECF No. 11) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 1, 2015

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
nea1598.57

6